# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **DR. ELLIOTT BLACK, III** | **PLAINTIFF** |
| v. | **CAUSE NO. 1:17CV150-LG-RHW** |
| **USAA FINANCIAL ADVISORS, INC., USAA INVESTMENT MANAGEMENT** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO TRANSFER VENUE

BEFORE THE COURT is the [6] Motion to Transfer Venue filed by USAA Investment Management Company, in which USAA requests that this case be transferred to the Eastern District of Louisiana on forum non conveniens grounds. After a lengthy discovery period, the Motion has been fully briefed. The Court has considered the briefs and the relevant law, and concludes that this case should be transferred pursuant to 28 U.S.C. § 1404(a).

### BACKGROUND

This is a declaratory judgment action filed by Dr. Elliott Black, III, to establish the ownership of a brokerage account held by Defendant USAA Investment Management Company. After removing the action from the Chancery Court of Hancock County, Mississippi, USAA moves for a transfer of venue for convenience to the Eastern District of Louisiana, arguing that the case is predominated by issues relating to Louisiana law, residents, and witnesses. Dr. Black has responded in opposition, arguing that the contractual choice of law is Texas, the funds are held in Texas, many of the USAA witnesses are in Texas, and he is a resident of Mississippi. Dr. Black contends that his choice of a Mississippi

forum should be given heavy weight.

The USAA brokerage account at issue was initially opened in 1995 by Dr. Black's parents, Elliott Black, Jr. and Billie Black, while they lived in Biloxi, Mississippi. The account was held jointly, with rights of survivorship. Dr. Black's parents moved to Louisiana about ten years later, where Billie Black died in 2011. In 2012, Dr. Black became the joint owner of the account with his father. In February 2015, Dr. Black and his father sent a joint request to USAA that Dr. Black be listed first on the account and Mr. Black second. They remained joint tenants with rights of survivorship. About eighteen months later, Mr. Black died in Louisiana. Dr. Black notified USAA and requested that his father's name be removed from the account. This lawsuit arose when USAA refused to follow Dr. Black's instructions or relinquish the funds to him, contending it was awaiting the appropriate judgments of succession under Louisiana law.

DISCUSSION

USAA requests a transfer of venue pursuant to 28 U.S.C. § 1404. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge F.B.L.-585,* 364 U.S. 19, 26, 27 (1960)).

1.  **This Action Could Have Been Brought in the Eastern District of Louisiana**

Dr. Black does not consent to the transfer of venue. The Court therefore must first determine whether the Eastern District of Louisiana is a district or division where this case might have been brought. "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). The Complaint asserts that Dr. Black is and has at all relevant times been a resident of Hancock County, Mississippi, and that USAA entered into a contract with him that was to be performed in whole or part in Mississippi. No contacts with the Eastern District of Louisiana are apparent from the Complaint. Thus, Dr. Black contends this action is simply a breach of contract case that should be decided under Mississippi law.

USAA argues that the case could have been brought in the Eastern District of Louisiana, since the events giving rise to the claim are changes to what was initially Mr. Black's account, which was sited in the Eastern District of Louisiana. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Succession of Scott*, No. Civ. A. 08-0819, 2009 WL 4405572, at \*5 (W.D. La. Nov. 30, 2009) ("the situs of personal (movable) property is the domicile of its owner and distribution of such property is governed by the law of the domicile of the deceased owner.").

The Court concludes that despite Dr. Black's Mississippi residency, what is at issue here is the ownership of Louisiana funds, and whether Dr. Black has a claim to those funds. Dr. Black's claim to the funds arises from changes to the account

requested by Mr. Black. Thus, it appears that a substantial part of the events giving rise to Dr. Black's claims occurred in the Eastern District of Louisiana. Accordingly, this case could have been brought in the Eastern District of Louisiana.

**2.     The relevant factors weigh in favor of transferring this case to the requested forum pursuant to 28 U.S.C. § 1404(a).**

"[A] district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). The Fifth Circuit Court of Appeals holds that a motion to transfer venue pursuant to § 1404(a) should be granted if "the movant demonstrates that the transferee venue is clearly more convenient," taking into consideration (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interests decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc)).

It appears that this action's only nexus to Mississippi is Dr. Black's residency as the joint owner. USAA contends that it is necessary to investigate Mr. Black's

competency and the potential that Dr. Black exercised undue influence over his father, and the identified fact witnesses on this issue are within the subpoena range of the Eastern District of Louisiana.  Furthermore, the Eastern District of Louisiana is a more convenient travel destination for USAA's employee witnesses and Plaintiff's brother, John Paul Black, who it intends to join as a party to this action.  The Court finds that the first four factors weigh in favor of transfer.  *See In re Radmax, Ltd.*, 720 F.3d at 288.

The fifth factor is neutral, as there has been no suggestion that either court has any administrative difficulties flowing from court congestion.  *See id.*  Because Mr. Black's home was in Louisiana, the sixth factor weighs in favor of transfer.  The Eastern Division of Louisiana would have some local interest in having localized property interests decided at home.  *See id.*

Both the seventh and eighth factors relate to the substantive law which will be applied.  *See id.*  This is the area of greatest contention between the parties.  USAA argues that Louisiana law governing succession will apply to determine the ownership of the account, and Louisiana does not recognize joint ownership with rights of survivorship.

> In Louisiana, funds deposited into a joint bank account remain the property of its original owner and his or her estate at death, absent an authenticate act of donation.  The right of withdrawal, or having one's name listed on the account, is not tantamount to ownership.

*In re Succession of Bella*, 75 So. 3d 972, 975 (La. Ct. App. 2011) (internal citations and quotation marks omitted).  A joint account holder must prove his ownership of

the funds deposited in a joint account.  *In re Succession of Elie*, 50 So. 3d 262, 265 (La. Ct. App.  2010).

Dr. Black argues that it is error to presume that the funds will be passing through Mr. Black's estate rather than by operation of law.  Dr. Black notes two provisions in the Customer Account Agreement.  The first, titled "Death of Joint Owner," states that upon the death of one joint tenant, all right title and interest in the account "shall vest in the surviving joint owner(s)."   (Def. Resp. Ex. L 7, ECF No. 37-12) (ECF pagination).  The second, titled "Governing Laws and Policies," states that the agreement and its enforcement is governed by the laws of Texas. (*Id*. at 10) (ECF pagination).  Dr. Black argues that under Texas probate law, the "Death of Joint Owner" provision would prevent the account funds from becoming part of Mr. Black's Louisiana estate.

The Court starts with the principle that the situs of the funds in the account, at least in regard to Mr. Black's joint interest in the funds, was Louisiana at the time of his death.  With the addition of the principle that Louisiana does not allow joint tenancy with rights of survivorship in funds on account, but requires proof of ownership by the surviving joint owner, it appears that these funds might indeed go through Dr. Black's estate.  It is the Court's opinion that at the least, the question will require an analysis of the interplay of the agreement provisions and Louisiana law.  Given the singular quality of Louisiana law, this is a task better suited to the Eastern District of Louisiana.

Weighing the relevant factors, including giving "some weight" to Plaintiff's

initial choice of forum, *see Atl. Marine Const. Co.*, 134 S. Ct. at 581 n.6, the Court concludes that a transfer to the United States District Court for the Eastern District of Louisiana would serve the convenience of parties and witnesses and would otherwise promote the interest of justice. The Court will therefore grant the defendant's motion to transfer to that forum. To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter this result.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [6] Motion to Transfer Venue filed by USAA Investment Management Company, is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that this case is **TRANSFERRED** to the United States District Court for the Eastern District of Louisiana.

**SO ORDERED AND ADJUDGED** this the 26th day of February, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE